# IN THE COURT OF APPEALS OF IOWA

No. 15-0818
Filed May 11, 2016


IN RE THE MARRIAGE OF MARY DAWN HIGHLAND
AND CURTIS HIGHLAND

Upon the Petition of
MARY DAWN HIGHLAND,
        Petitioner-Appellant,

And Concerning
CURTIS HIGHLAND,
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Jasper County, Terry Rickers,

Judge.


        Mary Highland has appealed the decree dissolving her marriage to Curtis

Highland. **AFFIRMED AS MODIFIED.**


        Amanda L. Green of Nading Law Firm, Ankeny, for appellant.

        Tammi M. Blackstone, Des Moines, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Mary Highland has appealed the decree dissolving her marriage to Curtis Highland, arguing: the alimony award is not equitable, she should not be solely liable for the income tax liability from her IRA, and she should be awarded more trial attorney fees and attorney fees on appeal. We affirm as modified.

Dissolution of marriage actions are equitable proceedings. Iowa Code § 598.3 (2015). Our review is de novo. *See* Iowa R. App. P. 6.907. "In reviewing questions related to spousal support, while our review is de novo, we have emphasized that 'we accord the trial court considerable latitude.' We will disturb the trial court's order 'only when there has been a failure to do equity.'" *In re Marriage of Gust*, 858 N.W.2d 402, 406 (Iowa 2015) (citations omitted). Our supreme court has previously noted:

> This deference to the trial court's determination is decidedly in the public interest. When appellate courts unduly refine these important, but often conjectural, judgment calls, they thereby foster appeals in hosts of cases, at staggering expense to the parties wholly disproportionate to any benefit they might hope to realize.

*Id.* at 407 (citation omitted).

At the time of the dissolution trial, the parties had been married less than eight years. Mary was fifty-seven years old with significant health problems and was disabled, receiving Social Security Disability benefits of $1051 per month. Curtis was fifty-three years old with no health problems. He was employed as a truck driver earning about $50,000 per year.

In our de novo review, we have considered the statutory factors for determining spousal support set forth in Iowa Code section 598.21A(1). *See In re Marriage of Mauer*, 874 N.W.2d 103, 107 (Iowa 2016). Although mindful of

our duty to give considerable latitude to the trial court in alimony awards, we cannot say the court's award of $150 per month alimony to Mary is equitable under the circumstances. During the marriage, Mary became disabled after many years of factory work, and Curtis completed a program at a local community college to become a truck driver with an apparent stable future income. Mary claims her monthly expenses are approximately $2200; Curtis claims his are approximately $2700. Considering the relatively short marriage, the age of the parties, the disparate health of the parties, the limited educational backgrounds, the expected earning capacities, and the likelihood Mary will remain unable to work, *see* Iowa Code § 598.21A(1), we find the alimony award should be increased to $300 per month. Although this mere $150 per month increase may appear to some as tinkering, we note it is a 100% increase from that awarded by the district court.

Mary complains she should not be solely liable for the income taxes on the IRA distributed to her. The IRA was a rollover of a previous employer plan Mary accumulated prior to the marriage. Although she argues much of the money went to pay on the mortgage to the house, she will receive all the benefit of that debt reduction. We have also considered the property and debt distribution ordered by the district court and agree it is equitable for Mary to be responsible for the taxes.

We review an award of attorney fees by the district court for an abuse of discretion. *In re Marriage of Wessels*, 542 N.W.2d 486, 491 (Iowa 1995). Based on the record before us, we cannot say the district court abused its discretion on this issue. An award of appellate attorney fees is within this court's sole

discretion. *See In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). We award appellate attorney fees to Mary in the amount of $1000.

We modify the monthly spousal support to $300 per month and affirm the decree in all other respects. Court costs are assessed to Curtis.

**AFFIRMED AS MODIFIED.**